TOWN OF EAST HARTFORD *vs.* SAMUEL HUNN.

A bond was given by the father of an illegitimate child to the town of East Hartford, where the child was born and had its settlement, to save the town from expense for its support; the condition reciting the fact that the child was chargeable to East Hartford and providing that the bond should be void if the obligor should save *said town* harmless from all expense by reason of the child becoming chargeable *thereunto*. The town of East Hartford was afterwards divided by the act of the legislature, and the part on which the child was born and lived was set off as a new town by the name of Manchester, to which a portion of another town was afterwards annexed. The act incorporating the new town imposed upon it the burden of supporting all paupers having their ordinary residence on the territory constituting the town. The father afterwards neglected to support the child and it became a charge upon the town of Manchester. Held, 1. That the benefit of the bond accrued to the town of Manchester, on its incorporation. 2. That the neglect of the obligor to save that town from expense in the support of the child, was a breach of the bond. 3. That a suit could be maintained on the bond, in the name of the town of East Hartford, for the benefit of the town of Manchester.

DEBT, on a bond in the penal sum of $1,000, given by the defendant and another to the town of East Hartford, with the following condition:—

" The condition of the foregoing bond is such, that whereas the said Samuel Hunn, Jr., is the father of James Hunn, an illegitimate child, and is liable for his support, and whereas the legal place of settlement of said child is in said town of East Hartford, and in the event that he should at any time be unable to support himself said town is in the first place legally

chargeable for his support, against which liability it is the duty of said Samuel Hunn, Jr., to indemnify said town ; Now if we, the said obligors, shall at all times see that said James Hunn is supported without expense to said town, and fully indemnify and save harmless said town from all loss, cost and expenses of every kind which said town may incur by reason of his becoming chargeable thereunto, then this bond is to be void, otherwise to remain in full force."

The child was born in a part of East Hartford then known as the parish of Orford. This part of the town was afterwards, by an act of the legislature, constituted a separate town by the name of Manchester. The act provided that the new town should be entitled to its just proportion of the town property, and should support all the poor of the original town whose ordinary residence had been in the parish of Orford. The child had at that time always lived in that parish. He afterwards became a charge upon the town of Manchester as a pauper, and the present suit was brought for the benefit of that town, in the name of the town of East Hartford, for the breach of the bond. The property of the original town had been divided specifically between the two towns in a mode provided by the act, but the present bond was not referred to in the division. After the incorporation of the town of Manchester and before the breach of the bond, a part of the town of East Windsor, which had never constituted any part of the town of East Hartford, was annexed to the town of Manchester. The other obligor of the bond had deceased before the suit was brought. The town of Manchester had expended $1000 in the support of the pauper, of which $70 was for his support before the annexation of a part of East Windsor, and the remainder for his support since.

The superior court reserved the case on these facts for the advice of this court.

*T. C. Perkins* and *Calhoun*, for the plaintiffs.

The suit is brought in the name of the town of East Hartford for the benefit of the town of Manchester. We contend that a recovery can be had on the bond for the benefit of the latter

town. The general intent of the parties is manifest, and this should be carried out without regard to particular technical words. *Bean* v. *Atwater*, 4 Conn., 10. *Mitchell* v. *Hazen*, id., 508. 2 Kent Com., 555. Addison on Cont., 146. The bond was designed not so much to protect the corporate rights of the town of East Hartford, as to compel the defendant to support his illegitimate child and save those harmless to whom it would by law become chargeable. This is evident from the language of the condition. The situation of the parties is also to be considered in determining the construction of the bond. Addison on Cont., 146. A town being a public corporation, established solely for public purposes, and a mere trustee for the inhabitants, a contract made with it should be so construed as to give them the benefit of it. *Fourth School District* v. *Wood*, 13 Mass., 193. Especially since the private property of the inhabitants is liable on the contracts of the town. *Beardsley* v. *Smith*, 16 Conn., 377. All contracts with towns are to be regarded as made in view of the power of the legislature to divide towns and to distribute their corporate property and burdens. *Windham* v. *Portland*, 4 Mass., 384. *Hampshire* v. *Franklin*, 16 id., 76. *North Hempstead* v. *Hempstead*, 2 Wend., 109. *Hartford Bridge Co.* v. *East Hartford*, 16 Conn., 149. Thus, if a contractor should build a bridge for a town and give a bond guaranteeing its strength, and the next year that part of the town should be set off as a new town, and the burden of maintaining the bridge should be imposed on the new town, can it be that the bond would be held to be of no further effect? Clearly the bond is to be regarded as given for the benefit of the territory charged with the bridge, by whatever name called or however bounded, and as given in view of the power of the legislature to change its name and boundaries. Our position is fully sustained by the case of *The People* v. *Haddock*, 12 Wend., 475, and is supported by numerous other authorities. *Sutton* v. *Mulford*, 2 Harring., (Del.) 72. *Skinner* v. *Phillips*, 4 Mass., 73. *Reed* v. *Fullum*, 2 Pick., 158. *Waters* v. *Eddy*, 8 id., 399. *Hinkley* v. *Fowler*, 15 Maine, 285. *Calais* v. *Marshfield*, 30 id., 511. *Barker* v. *Bucklin*, 2 Denio., 45. *Gilbert* v. *Isham*, 16 Conn.,

525. The provision in the act incorporating Manchester, that it was to be entitled to its just proportion of the town property, should be regarded as vesting this bond in the town of Manchester, even though it was not included in the distribution of the property, as it belonged equitably to that town and would be of no benefit to the town of East Hartford. If there is to be any recovery, the whole amount expended by the town of Manchester should be recovered. The annexation of a part of East Windsor to the town can in no way affect the rights of Manchester or the obligation of the bond.

*Hungerford*, with whom was *Cone*, for the defendant.

The condition of the bond recites the fact that the child had a legal settlement in *East Hartford*, and that that town was chargeable with its support, and then provides that the bond shall be void if the obligors save *said town* harmless from all expense by reason of the child becoming chargeable *thereunto*. The condition clearly therefore will bear no construction but one which confines its operation to *East Hartford*. It is a settled principle that a contract with a town or any other corporation is made with the *corporation* and not with the members composing it. The right is the right of the corporation, not of the individuals. 1 Bla. Com., 484. Ang. & Ames on Corp., § 779. *Denton* v. *Jackson*, 2 Johns. Ch., 320. *North Hempstead* v. *Hempstead*, 2 Wend., 135. It is equally settled that when a corporation ceases to exist, all its rights of every kind are extinguished; they do not survive to the members. The bond here was not made to the parish of Orford, nor to the inhabitants living on the territory now constituting Manchester; nor was it made to the inhabitants of the town of East Hartford. It was made to the town of East Hartford in its corporate capacity. If the act had made no provision to the contrary, the old town, as the original corporation, regarded in law as unchanged in its identity, would have retained all the property and burdens of the original town. All persons having a legal settlement in the town, not then residing in the territory set off, would, if they should become paupers, be chargeable to the old town. *Windham* v. *Port-*

*land,* 4 Mass., 384. *Richards* v. *Daggett,* id., 534. *Brunswick* v. *Deming,* 7 id., 445. · *Hampshire* ɣ. *Franklin,* 16 id., 86. *Hartford Bridge Co.* v. *East Hartford,* 16 Conn., 172. *Second Eccl. Society of Portland* v. *First Eccl. Society,* 23 id., 255. *Stow* v. *Luce,* 27 Verm., 605. *Montpelier* v. *East Montpelier,* id., 704.

But if the act incorporating Manchester and the proceedings under it are to be regarded as an assignment of the bond to the town of Manchester, it could not affect the liability of the obligors. If the bond had been assigned in the most formal manner by the town of East Hartford to the town of Manchester, it would not help the matter. No party can maintain a suit on the bond until a breach, and there can be no breach until the town of East Hartford has been subjected to expense for the support of the child. The court can not extend the bond beyond the plain import of its terms. 2 Bla. Com., 379. Chitty on Cont., 73, 79, 83. Story on Cont., § 639. *Heywood* v. *Heywood,* 42 Maine, 229. *Norton* v. *Woodruff,* 2 Comst., 153. *Rogers* v. *Colt,* 1 Zab., 704. *McCluskey* v. *Cromwell,* 1 Kern., 593. *Lowber* v. *Le Roy,* 2 Sandf. S. C., 202. *Benjamin* v. *McConnell,* 4 Gilm., 536. These cases show that where the language is clear the court is bound by it, and that not to give it its full and natural effect is to depart from the first principles of construction. Especially is such a construction to be given here, as the bond was signed by a surety, and the breach is to be one for which the surety would be liable. It makes no difference that the surety is not made a defendant in the suit. The rule with regard to a surety is that the bond is not to be extended to any other subject, any other person, or any other period of time, than is expressed or necessarily included in the instrument. Burge on Suretyship, 40. And if the terms of the condition were doubtful, the construction should be most favorable to the obligors, as it is supposed to contain the language of the obligee. 2 Parsons on Cont., 22, note. The town of Manchester can not be regarded as a successor to the town of East Hartford, for the latter town still exists and is in the exercise of all its corporate rights and

is the same identical corporation as before Manchester was set off.

The case of *The People* v. *Haddock*, 12 Wend., 474, which is relied on by the plaintiffs, differs essentially from the present one. There, although the liability for the support of the child was transferred by law from the town to the county, yet the town was taxable for the support of the county paupers, so that the child was still, to a certain extent, a charge upon the town. Further, the order of court there was that the defendant should pay as therein directed, " as well for the better relief of the town of German Flats as for the sustentation and relief of the said bastard child." Here the sole object of the bond was to indemnify the town of East Hartford. But if the case is to be regarded as directly in point, yet the decision is opposed to the well-established and fundamental rules of construing written contracts, and ought not to influence the court in the decision of the present case.

But if the defendant is liable on the bond, it should have been sued in the name of the town of Manchester and not in that of East Hartford. If the town of Manchester is to be regarded as the original obligee of the bond under another name, which is the only view that will justify a recovery upon the bond at all, then the suit should have been brought in the name of that town, with an averment that it is the same town to which the bond was originally given under the name of East Hartford.

ELLSWORTH, J. The object for which the bond in suit was given is perfectly obvious and admits of no question. It was given to secure the then town of East Hartford against any loss to which it might be subjected, by reason of its being the birth-place, and consequently place of settlement, of the illegitimate child mentioned in the bond, and of which the defendant, the principal obligor of the bond, was the father.

The law which makes the town or territory within which an illegitimate child is born, liable for its support if it becomes a public charge, gives to that portion of the public a right to exact a bond of its putative father, to save the town harmless

from its support; and from this it would seem to follow that if, by any subsequent action of the legislature, this burthen should be confined to a portion of the town or territory, the bond should in all good faith be held to belong to that portion, as otherwise it would become, by means of the action of the legislature, utterly unavailable and worthless. The intention of the parties and the intention of the law would thereby be defeated. If such a bond is to be a substantial security to a town, and not a mere nominal one, it must be co-extensive in its application with the territorial limits of the duty which the law imposes, and must be construed and enforced for the exclusive benefit of the town or territory which is obliged to support the child; and nothing but an extremely narrow and technical view of the bond now before us can avoid such a conclusion in the present case.

The whole territory once constituted the town of East Hartford. It having been since divided into two parts, the parts may, for all practical purposes, be treated as the east and west parts of East Hartford; the east part, for distinction, assuming the name of Manchester, and the west part retaining the original name. Now, so far as the public or territorial duty of supporting this pauper ever rested on the whole territory, it of course equally rested on the east part; and, since the relation of a pauper to the town where he has his settlement is a relation to the territory rather than to the town in its corporate capacity, the relation of this pauper was especially to this east part, and that relation, existing before the east part was incorporated as a new town, has remained unchanged.

If we were to insert in the bond the term " territory of East Hartford " for that of " town of East Hartford," it would read so as to express exactly the intention of the parties and the intention of the law. This we think we are at liberty to do, as we regard the word " town " as used in the sense of " territory." Suppose a bond had been given to a town to make or maintain a certain bridge and save the town harmless from loss in case of accident, and then the town had been divided, and the bridge had fallen within the new town, (or that which receives a new name,) would not the bond accrue to

the benefit of the new town ?  Can it be that it would become utterly worthless and unavailable ?  We can not but think that it would vest in and become available to the new town.

It is claimed by the counsel for the defendant that if the bond really belongs to the town of Manchester, becoming vested in it as being substantially the original obligee under another name, it should have been sued in the name of that town and not in that of East Hartford.  Perhaps it might have been with proper averments ; but this we need not decide.  It is sufficient if the action can be brought in the name of the ancient territory, which we think can well be done, for the benefit and use of the new town.  The defendant can not reasonably complain of this, for in no event is he required to do more than he really undertook to do ; and it will be manifestly unjust if not unconstitutional for him to be allowed to get off with any thing less.  To me it seems quite absurd, to hold that the pauper was born and acquired a settlement in Manchester, when Manchester as a town did not exist until long after his birth, and at the same time to hold that Manchester is not the town to which and for the benefit of which the bond of the defendant was given, when that very settlement by birth was the whole ground and cause of requiring and giving the bond.

This point of law has been decided in New York in conformity with our views.  In the case of *The People* v. *Haddock*, 14 Wend., 475, it was held that a bond of recognizance by the father of a bastard child given for the relief of a town, was good though the town charge had been changed into a county charge.  The court say, " The legal consequence of that proceeding probably is that the child remains a pauper, not technically of the *town*, but of the *county* ; but is this the contingency contemplated ?  The obligation imposed by the recognizance was that Finch, the putative father, should pay the weekly allowance as long as the child required that assistance towards its support.  Here the child continues chargeable, not indeed technically to the *town*, but it is not able to support itself, *nor has it ceased to be a charge on the public.*  Is it not an equitable argument at least, to say that, as the law casts

the child upon the county, the county should have the benefit of the security which the town had ? And it is not presuming unreasonably to suppose that this action is brought for the benefit of the county, as the county is now liable for the support of the pauper." The fact that the action is brought for the benefit of the town of Manchester is distinctly found in the present case, and it must be sufficient, unless upon some technical ground relief can be had only in equity, which we think, as we have already intimated, is not the case. Considering the strong equity of this case, we confess we are very unwilling, on the ground of mere form, to turn the party in interest over to a court of equity for redress; and upon the merits of the case, we are not willing to uphold the doctrine that Manchester is liable to support the pauper and is not to have the benefit of the bond given for this very purpose.

In the view which we have taken of the case the annexation of a part of the town of East Windsor to Manchester can not affect it, and we advise that judgment be rendered for the plaintiffs to recover the whole amount of expense incurred by the town of Manchester, which is found to be $1,000.

In this opinion the other judges concurred.

Judgment for plaintiffs advised.